Wheeler
v.
Anthony.

Judgment affirmed, with single costs.

---

## WHEELER vs. ANTHONY.

*Where a farm is owned and actually possessed by the widow and heirs of a person deceased, the designation of such owners in a tax list and warrant for the collection of a common school district tax, as " the widow and heirs of A. B. deceased," is a sufficient compliance with the directions of the statute to justify the collector in executing the warrant.*

ERROR from the Saratoga common pleas.  Wheeler sued Anthony in *trespass*, for taking and selling a cow.  Anthony justified as *collector* of a *school district*; he produced a *tax list*, made out by the trustees of the district, in which, in the column of names of the taxable inhabitants of the district, was an entry in these words: " The widow and heirs of Zopher S. Wheeler, desceased ;" and opposite to such entry there was an *amount of real property* set down at $2000, and an *amount of tax* at $14.   The defendant also produced a *warrant* commanding him to levy the sum of $14, of " the widow and heirs of Zopher S. Wheeler, deceased," and also to levy the taxes assessed upon the other inhabitants of the district, and proved that the widow and heirs resided in the district, and owned and occupied a farm therein, lately owned by him ; that the plaintiff was one of his children and heirs at law, and lived with the widow and the other heirs on the farm. This evidence was objected to by the plaintiff as inadmissible, as not shewing that there was any tax assessed against the *plaintiff* by name, and because his *name* did not appear in the warrant.   The objection was overruled, and the court instructed the jury that the designation of " the widow and heirs of Zopher S. Wheeler, deceased," was a sufficient naming of the plaintiff to authorize the defendant to levy the tax of $14 upon the property of the widow and heirs living

on the farm. The jury found for the defendant, and a judgment was entered accordingly. The plaintiff having excepted to the decisions of the court, sued out a writ of error.

*O. G. Otis*, for plaintiff in error.

*J. Ellsworth & S. Stevens*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. The statute prescribing the duties of trustees of school districts, directs them, among other things, " to make out a tax list of every district tax voted by any such meeting, containing the names of all the taxable inhabitants residing in the district at the time of making out the list, and the amount of tax payable by each inhabitant, set opposite to his name ;" " to make out a rate bill, containing the name of each person so liable," &c. 1 *R. S.* 481, § 75, *sub.* 3 *and* 13, and to issue a warrant, which " shall command the collector to collect from every person in such tax list or rate bill named, the sum therein set opposite to his name," *page* 484, § 88. The question now is, has this statute been complied with, so as to justify the collection of the tax ?

It is contended that the *name* of the person must be inserted, and not a *description* of him, and the case of *Mead* v. *Hawes,* 7 *Cowen,* 332, is referred to. There the plaintiff was arrested upon a warrant against " John Doe, the person carrying off the cannon ;" and we held, upon the authority of several English cases and that of *Griswold* v. *Sedgwick,* 6 *Cowen,* 456, that such process was no justification to the officer ; that process, to justify an arrest, must contain the true name of the person arrested. Since that decision, the legislature have passed upon the subject, and have enacted, that " when the name of any defendant shall not be known to the plaintiff, a *capias ad respondendum* may be issued against such person by a fictitious name," 2 *R. S.* 347, § 3 ; and the same provision is extended to a summons or warrant, *Laws of* 1830, *p.* 395, § 282. These provisions have relaxed the strictness which previously prevailed. A warrant to collect taxes is not process by which the *person* is to be arrested and deprived of

his liberty. The tax is to be levied *of the property*, not by arresting the person. The name should however be stated correctly, to enable the collector to levy upon the property which is justly chargeable with the tax; but the same strictness should not be required in such case as when the person named may be deprived of his liberty.

In the case of *The People* v. *Ferguson*, 8 *Cowen*, 102, one question was how the name of an individual might be shewn to be represented by abbreviations or initials, and it was held that either were sufficient to entitle a person to votes, provided it were shewn that they were intended for him. A name, it was said, is a discriminative appellation or designation of an individual. When property is owned or possessed by a single individual, it is proper and necessary that the name of such individual should be inserted in the tax bill; but when a farm is owned or possessed by a mercantile or other firm, the assessment to such firm would answer the same purpose as writing out the christian and sirname of each individual composing the firm; it designates the property taxed, and the persons whose property the collector may take to levy the tax. So too, the widow and heirs of a deceased person, when the property is possessed by the widow and family of the deceased, seems to be a designation with reasonable certainty of the property which the officer may take. It was in evidence before the court that the property taken belonged to the persons assessed, or the jury were not justified in their verdict. The court decided that there was sufficient naming of the plaintiff to authorize the defendant to levy the tax upon the property of the widow and heirs of Zopher S. Wheeler, deceased, living on that farm. To require the utmost strictness in such cases would lead to great embarrassment on the part of public officers; they may not be able to obtain the true names, and if they become trespassers by a want of literal strictness, their situation would be truly hazardous. They should give the names as correctly as possible, and in such way as to direct the collector with certainty to the true property. The collector is justified, if he has taken the property of the persons assessed. That he did so in this case is found by the jury.

I am inclined to the opinion that the name, as it should be understood in relation to the law in question, was sufficiently certain; and that the judgment of the common pleas should be affirmed, with double costs.