[MONROE GENERAL TERM, April 4, 1863. *E. Darwin Smith, Johnson, Welles* and *J. C. Smith*, Justices.]

(*a*) The recent unanimous decision of the supreme court of the United States, in the case of *The People ex rel. Bank of Commerce* v. *The Commissioners of Taxation*, establishing the power of congress to exempt United States securities from state taxation, as an incident of the power to borrow money, sustains in principle the decision in this case, viz: that congress may make treasury notes a legal tender as necessary and proper for the purpose of giving to them the credit and currency essential to borrowing money thereon, and in raising and maintaining the immense armies and navies demanded by the emergency.

## VAN VOORHIS *vs.* BUDD.

Where a tax was assessed upon the roll to *Henry D.* Van V., while the real name of the person intended was *William H.* Van V., although he was also known in the town as *Henry* Van V.; *Held* that he was properly charged with the payment of his share of the public taxes by the latter name.

*Held,* also, that the letter D. between "Henry" and "Van V." upon the tax roll, was to be regarded as surplusage, upon the principle that the law recognizes but one christian name.

APPEAL from a judgment of the county court of Dutchess county, affirming the judgment of a justice of the peace. The plaintiff sued to recover damages for the seizure and sale of certain personal property ; and the defendant justified the taking, as town collector, under a tax warrant issued to him as such. The plaintiff recovered a judgment before the justice.

*Charles Wheaton,* for the plaintiff.

*H. H. Hustis,* for the defendant.

*By the Court,* BROWN, J. This action is brought against the defendant to recover damages for the seizure and sale of a horse, the property of the plaintiff. The defendant justifies under a tax warrant, issued to him as collector of the town of Fishkill, in the county of Dutchess, for the year 1861.

The tax is assessed upon the roll to Henry D. Van Voorhis, while the real name of the plaintiff is William H. Van Voorhis. The proof upon the trial, however, showed that the plaintiff was also known in the town as Henry Van Voorhis, and he was the person intended to be charged with the payment of the tax. Levi S. Van Kleeck, a witness for the defendant, testified that he was one of the assessors of the town of Fishkill during the year 1861, and made the assessment against the plaintiff to Henry D. Van Voorhis. He saw him and spoke to him about the assessment, and knew him by the name of Henry Van Voorhis. His name was upon the assessment roll for the year previous as Henry D. Van Voorhis, and the witness took the name from that roll. The plaintiff himself was examined as a witness, and said he was more frequently called Henry than William Henry Van Voorhis.

The assessors are, by diligent inquiry, to be made between certain times named in the statute, to ascertain the names of all the taxable inhabitants in their respective towns or wards, and also all the taxable property real or personal within the same, and from these they are to prepare the assessment rolls in the manner prescribed. When the collector receives the tax warrant he is required to call at least once upon the person taxed and demand payment of the tax charged to him on his property. If the person refuse or neglect to make payment the collector shall levy the same by distress and sale of

the goods and chattels of the person who ought to pay the same. It is evident that this law cannot be executed as to the names of persons charged with the payment of taxes with the same precision and exactness formerly observed in regard to the names of persons made parties defendants in actions at law. In these latter proceedings, when the defendant pleaded his misnomer in abatement he was bound to furnish the plaintiff with his real name and swear to the truth of the plea, and the plaintiff might have leave to amend his declaration or institute a new action, and the remedy as well as the right of action was preserved to him, notwithstanding the error in the defendant's name. In the assessment of a tax no such result would ensue. The statute provides no other means than the diligence and inquiries of the assessors to ascertain the real names of the tax-payers ; and if an error is made it is fatal to the recovery of the tax. Reasonable certainty then is all that can or should be required. If the party defendant was as well known by the name given in the declaration as by his baptismal name, that was regarded as a good replication to a plea of misnomer in abatement. And so in the assessment of the tax in question, if the plaintiff was known by the name of Henry Van Voorhis, that was a sufficient justification for charging him with the payment of his share of the public taxes by that name, whatever might have been his real name. This court has held, in the case of *Wheeler* v. *Anthony*, (10 *Wend.* 346,) that a tax assessed to the widow and heirs of Zophar S. Wheeler deceased, when they actually owned and occupied the farm charged, was a sufficient compliance with the directions of the statute to justify the collector in executing the warrant by the seizure and sale of a cow to satisfy the tax. In respect to the presence of the letter D. between the words Henry and Van Voorhis upon the tax roll, it is to be regarded as surplusage, upon the well known rule that the law recognizes but one christian name. (*See Franklin and oth-*

*ers* v. *Talmage,* 5 *John.* 84 ; *Rosevelt* v. *Gardner,* 2 *Cowen,* 463.) There was no proof offered upon the trial to show that there was any other person in the town of Fishkill known by the name of Henry Van Voorhis, or Henry D. Van Voorhis, to whom the charge might have been referred ; so that there could be no confusion and no uncertainty in regard to the person whose duty it was to pay the tax.

The judgments in the justice's and in the county court should be reversed, with costs.

[DUTCHESS GENERAL TERM, May 11, 1863. *Brown, Scrugham* and *Lott,* Justices.]

