ELIZA CRUGER *vs.* EDWARD. T. McCLAUGHRY.

Although a rent charge cannot be apportioned by the act of the parties, it may be by force of the law. The descent of lands from ancestor to heirs is a transfer of title by operation of law. The heirs take and hold such inheritance as tenants in common. Each of such tenants may pursue his reme-dies independent of the other.

The owner of lands conveyed the same to the defendant's grantor, subject to an annual rent charge thereon, and the right of re-entry in case of non-payment of rent. The grantor died, leaving six heirs. *Held* that one of such heirs could maintain an action of ejectment, to recover possession of her one sixth of the lands, as such heir, for non-payment of rent, without joining the owners of the other five sixths as plaintiffs.

Whether the defendant, in such an action is bound to insist upon the non-joinder of the other owners as parties plaintiffs, by demurrer, or can take the objection by answer, although the defect appears in the complaint ?    *Quære.*

THE plaintiff is one of six heirs at law of John Kortright, deceased, who conveyed the lands in question to the defendant's grantor, subject to an annual rent charge thereon, and the right of re-entry in case of non-payment of rent. This action of ejectment is brought by the plaintiff to recover possession of her one-sixth of said lands as such heir, no rent having been paid since 1854. Among other defenses interposed is the non-joinder of the owners of the other five sixths as plaintiffs.

At the close of the plaintiff's case the defendant moved for a nonsuit, on the ground, among others, of such non-joinder, and the court granted such motion, holding that all persons interested in such lands or rents, as or through the heirs of John Kortright, should be joined as plaintiffs, in order to recover.

The exceptions were ordered heard at the general term, and the plaintiff now moves thereon for a new trial.

*Amasa J. Parker,* for the plaintiff.

*Gilbert & Maynard,* for the defendant.

BOARDMAN, J. It is well settled in the law of this state, that the interest reserved by John Kortright is a heredita-

Cruger *v.* McClaughry.

ment, devisable, descendible and assignable, like other incorporeal hereditaments, and as such is real estate, within the definition of the 1st Revised Statutes, 754, § 27; that the rent is not rent service for want of a reversion in the grantor, but is a rent charge in fee, and equivalent to a rent charge granted by the owner of the land in fee; that the conveyance of John Kortright operates as an assignment and not as a lease, and leaves neither a reversion nor a possibility of reverter; that the covenants of the grantee run with the land; that the interests of both grantor and grantee, in case of intestacy, descend to the heirs, and do not go to the administrators; and that the heir of the grantor may have ejectment under the right of re-entry given in case of non-payment of rent. (*Van Rensselaer* v. *Read*, 26 *N. Y. Rep.* 558. *Van Rensselaer* v. *Hays*, 19 *id.* 68. *DePeyster* v. *Michael*, 6 *id.* 467. *Van Rensselaer* v. *Slingerland*, 26 *id.* 580.) It has also been decided that when the right of re-entry is not dependent upon a deficiency of sufficient goods and chattels whereon to make distress, no notice of an intention to re-enter need be given, under the act of 1846. The commencement of an action of ejectment stands instead of a demand of the rent in arrear and of a re-entry on the demised premises. (*Hasford* v. *Ballard, MS. Court of Appeals, Woodruff, J.*)

It remains for us to consider whether the plaintiff, being the owner by descent of one sixth of the rents charged and of the right of re-entry for their non-payment, can maintain this action, without joining the owners of the five sixths with her as plaintiffs. In other words, are the rents apportioned among the six heirs of John Kortright, deceased, by his death intestate, or must all unite in any remedy for non-payment. If the conveyance in this case had not been in fee, but for years or some limited time, a reversion would have existed in favor of Kortright, and would have descended to his heirs. In that case there is no doubt the rents would have been apportioned among

his heirs; each would have had a several right of action, and each would have been a landlord as to his interest so severed by the death of Kortright, and the tenancy in common which followed. (*Jones* v. *Felch,* 3 *Bosw.* 63. *Gilbert on Rent,* 172. *Crosby* v. *Loop,* 15 *Ill. R.* 527, *cited in* 3 *Bosw. Henniker* v. *Turner,* 4 *Barn. & Cress.* 157. *Reed* v. *Ward,* 22 *Penn. R.* 144.) Indeed there is no controversy that such is the law in the case supposed. (3 *Kent's Com.* 469, 470. 2 *Wash. on Real Estate,* 18.) But it is claimed by the defense that the same rule does not apply in case of tenants in common of an incorporeal hereditament, of rents charged in fee and no reversion. There is certainly no distinction in the use or effect of the remedy by ejectment in the two cases. In neither case is the lease avoided by the breach of the condition. It is only avoided at the election of the lessor, and unless he so elects, the estate continues in the tenant or grantee. If he elects to avoid it, he acquires in either case by his remedy an absolute title to the property; in one case by the merger of the rent charge, the term and the reversion, and in the other by the merger of the rent charge and the fee. The result is the same in each, but there is a difference in the interests merged to attain it. No distinction, therefore, arises from the nature of the proceeding. Nor is there any thing in the law which makes the interest indivisible in one case and divisible in the other. It is as absurd for one tenant in common of a rent charge with reversion to bring ejectment as for the plaintiff, in this case. By the severance and apportionment of the rent the owner becomes entitled to his several portion of the land. To the extent of his interest the·lease is forfeited, and his share is thereafter held in common by him and the lessee according to their several interests. There seems, therefore, no reason why rents should not be apportioned in the one case as well as in the other.

This view seems the more reasonable since our courts

Cruger *v.* McClaughry.

of appeal recognize no practical distinction between rights of re-entry for non-payment of rent in cases of assignment in fee, and in cases of leases for life or years with rever- sion. (*Van Rensselaer* v. *Slingerland*, 26 *N. Y. Rep.* 580. *Same* v. *Reed, Id.* 558. *Same* v. *Snyder*, 13 *id.* 299. *Same* v. *Ball*, 19 *id.* 100.) In each case ejectment may be maintained, and the recovery of the property leased or assigned in fee is allowed. In both cases the title to the lands revests in the lessor or grantor, and as perfectly where no reversion exists as in a case of reversion. Whatever, then, may be the nature of the interest of the plaintiff in this case in the lands, the result of her action gives her the fee as absolutely as though she were a reversioner. It is impossible to distinguish the cases in the nature of the remedy. or the efficiency of the relief that will be granted. It is undoubtedly true that a rent charge cannot be apportioned by the act of the parties. But it may be by force of the law. And such is the rule as to any condition in a deed. The descent of lands from ancestor to heirs is a transfer of title by operation of law. The heirs take and hold such inheritance as tenants in common. Each of such tenants may pursue his remedies independent of the others. (2 *R. S.* 341, § 11. 1 *Wash. Real Pr.* 437, 438.) No distinction is made as to the character of the inheritants, whether it be lands, tenements or hereditaments, corporeal or incorporeal.

If, however, tenants in common join in a demise, all must join in the remedy, (*Decker* v. *Livingston*, 15 *John.* 478;) and so too in case of an injury to the possession. Since, then, their rights as tenants in common under an inheritance are severable, it follows, almost of necessity, that they can sever in pursuing any remedy to enforce their rights.

The case of *Cole* v. *Patterson*, (25 *Wend.* 456,) is an authority in point to show a severance in law among heirs, tenants in common of a rent charged upon a conveyance

in fee by the ancestor. It was there held that the rents were apportioned among the heirs, and that one of them might bring ejectment for his proportion upon a re-entry for non-payment of rent. This authority is cited and approved by Hoffman, J. in *Jones* v. *Felch*, (3 *Bosw.* 63.) *Jackson* v. *Topping*, (1 *Wend.* 388,) is an analogous case of a deed in fee with right of re-entry upon a condition subsequent which was broken. After the death of the grantor, one of his heirs brought ejectment for his share, and recovered. It is true the question involved in this case was not presented by counsel, or decided by the court, but that fact is some, though slight, evidence against the force and effect of the objection. To the same effect is the case of *Bowen* v. *Bowen*, (18 *Conn. Rep.* 535. 1 *Wash. on Real Prop.* 337. 2 *id.* 16.)

My attention has not been called to a single modern case which sustains the defendants' position. On the contrary the statutes of our state, and the decisions of our courts in analogous cases, indicate that this action was properly brought, and that the judge erred in nonsuiting the plaintiff, for the non-joinder of the other tenants in common, as parties plaintiff.

In view of the foregoing conclusions, it becomes unnecessary to decide whether the defendant was bound to insist upon the non-joinder of the other owners as parties plaintiffs, by demurrer, or can rely upon the same objection by answer, although the defect appears in the complaint.

For the error aforesaid, a new trial should be granted; costs to abide event.

PARKER, J. concurred.

BALCOM, J. concurred; and also thought the objection could only be taken by demurrer.

New trial granted.

[BROOME GENERAL TERM, November 17, 1868. *Balcom, P. J.* and *Boardman* and *Parker*, Justices.]