ELIZA CRUGER v. WILLIAM DOUGHERTY.

(GENERAL TERM, SIXTH DISTRICT, JULY, 1869.)

An assessment for rents reserved in leases in fee (L. 1846, p. 466), must be made in accordance with the requirements of the Revised Statutes, regulating the assessment of personal property.

The plaintiff, in an action of ejectment, proved title as one of the heirs of J. K., deceased, to the premises in dispute, being part of K. patent, in the town of K. The defendant claimed to show title out of the plaintiff, by proving a sale, made under an assessment to the latter, as such owner of an undivided interest in several leases in fee, which covered the premises and other lands in K. respectively. The assessment had been made under a description as follows: "The K. patent: J. K. and others, legal heirs of J. K., late of the city of New York, deceased, or their heirs or assigns for rents reserved in the town of K., in the county of D., &c."—*Held*, the assessment being to a person deceased and others not named, or their heirs or assigns, and each rent not being specified, the same was void, and the defence failed.

*Wheeler* v. *Anthony* (10 Wend., 346) distinguished.

A sheriff's notice of the sale of lands under the warrant of a county treasurer, issued upon an assessment of rents reserved, &c., must describe the lands to be sold separately; and where the notice describes such lands as "all that certain piece or parcel of land, situated in the town of K., in said county of D., and known and described as the K. patent, and bounded as follows, &c.," there being several distinct leases of lots, in the patent, upon which the assessment is made, and other lands therein not leased, the notice is insufficient. Per BALCOM, J.

THIS action was brought to recover one undivided sixth part of a certain lot of land, situated in the town of Kortright, in the county of Delaware. It was tried at the Delaware Circuit, in February, 1869, when, by direction of the judge, the jury rendered a verdict in favor of the plaintiff. The defendant moved for a new trial, on exceptions which the judge directed should be heard, in the first instance, at the General Term.

*A. J. Parker*, for the plaintiff.

*F. R. Gilbert*, for the defendant.

*Cruger v. Dougherty.*

Present—BALCOM, BOARDMAN and PARKER, JJ.

By the Court—BALCOM, P. J.   The land in dispute in this action is part of lot No. 7, in the Kortright patent, in the town of Kortright and county of Delaware.   The foundation of the plaintiff's title is a patent granted by King George the Third to Lawrence Kortright, and others, dated the 24th day of February, 1770.

That the plaintiff showed title to the land in dispute, and a right to recover the one undivided sixth part thereof, when she rested her case, is settled by the decision we made at the November General Term, in the year 1868, in *Cruger* v. *McClaughry* (51 Barb., 642).   That decision has since been affirmed by the Court of Appeals.

The question now presented is, whether the defendant showed title out of the plaintiff under a sale of the land for taxes by the sheriff of Delaware county, on the 28th day of June, 1865.   The land was not redeemed, but no conveyance thereof has been made by the sheriff to the purchaser under the sale.

I shall not examine the question whether a conveyance from the sheriff was necessary to pass the title to the purchaser.   The view I take of the case renders it unnecessary to express any opinion on that question.

The entry, respecting the assessment of the rents reserved in the lease of the land in dispute, and in leases of other lands in the town of Kortright, in which the plaintiff had an interest, upon the assessment roll of that town, in the year 1864, was as follows, viz. :   " The Kortright Patent : John Kortright and others, legal heirs of John Kortright, late of the city of New York, deceased, or their heirs or assigns, for rents reserved in the town of Kortright, in the county of Delaware, subject to taxation, estimated at a pri· cipal sum, which, at a legal rate of interest (seven per cent), will produce an income equal in amount to such rents ; personal $26,195."

It was proved that John Kortright died in 18˙9 ; and all of his children but two had died prior to the year 1864.

It is provided by section one of chapter 327 of the Laws of 1846 (Laws of 1846, p. 466), as follows : " It shall be the duty of the assessors of each town and ward, while engaged in ascertaining the taxable property therein, by diligent inquiry, to ascertain the amount of rents reserved *in any leases in fee,* or for one or more lives, or for a term of years exceeding twenty-one years, and chargeable upon lands within such town or ward, which rents shall be assessed *to the person or persons* entitled to receive the same, as personal estate, which it is hereby declared to be for the purpose of taxation under this act, at a principal sum, the interest of which at the legal rate per annum shall produce a sum equal to such annual rents; and in case such rents are payable in any other thing except money, the value of such annual rents in money shall be ascertained by the assessors, and the same shall be assessed in manner aforesaid." It is further provided by chapter 357 of the Laws of 1858 (Laws of 1858, p. 600), that the assessor shall, in all cases of assessments under chapter 327 of the Laws of 1846, specify in the assessment roll *each rent* so assessed, &c.

It was held in *Livingston* v. *Hollenbeck* (4 Barb., 9), that the Law of 1846, to which I have referred, did not repeal previously existing laws regulating the assessment and collection of taxes, but merely added a new subject for taxation. The amendment of that law by chapter 357 of the Laws of 1858 (*supra*), did not affect the rule laid down in *Livingston* v. *Hollenbeck.*

According to the Revised Statutes, the first column of the assessment roll must contain " the names " of all the taxable inhabitants in the town or ward, as the case may be, and the fourth column of the roll must contain " the full value of all the taxable personal property, owned by such person after deducting the just debts owing by him." (1 R. S., 5th ed., p. 909, § 9.)

The proof showed that the plaintiff was one of the children and heirs of John Kortright, deceased; that the land in question was leased by him, by a lease in fee, to one David

McIlwain in 1789; and that John Kortright, deceased, about that time and subsequently, gave leases in fee to different persons, of other lots of land, in the town of Kortright. A rent was reserved in each lease. The plaintiff's interest in the leases and right of re-entry under them, was one undivided sixth part.

No such person as John Kortright had any interest in the land in dispute, or in any of the leases, when the assessment was made in ·1864, and I am of the opinion "the person or persons," to whom the rents were assessed in that year, were not sufficiently named; and that such assessment cannot be upheld by the application of the very liberal rule adopted in *Wheeler* v. *Anthony* (10 Wend., 346), or that laid down in *Van Voorhies* v. *Budd* (39 Barb., 479).

The rents were assessed in the aggregate. Each rent was not specified in the assessment roll, as required by the law of 1858. (Laws of 1858, p. 600.)

The warrant issued by the treasurer of Delaware county to the sheriff of that county, by virtue of which the land in dispute was sold by such sheriff to D. McIlwain, for nine dollars, commanded the sheriff " that of the goods, chattels, and real estate of the said John Kortright, and others, legal heirs, as aforesaid, he make the sum of $632.41," &c.

The notice the sheriff gave and published of the sale of the lands in Kortright, described the same as : "All that certain piece or parcel of land, situated in the town of Kortright, in said county of Delaware, and known and described as the Kortright patent, and bounded as follows : On the south, by Brant's, or Little's patent; on the east, by the town line of Harpersfield ; on the north, by the town line of Davenport; and on the west by the Banyer patent."

A large portion of such lands were free of all leases and rents. Those held under leases in fee, were separate lots, situated in different parts of the town of Kortright ; but embracing, probably, over half of the land in that town.

The notice of sale should have described the lots to be sold. When a county treasurer issues his warrant for the collection

of taxes assessed "upon the person or persons" entitled to receive rents reserved in any leases in fee (Laws of 1846, p. 467, § 2), the sheriff, to whom such warrant shall be directed, "shall proceed upon the same, in all respects, with the like effect, and in the same manner as prescribed by law in respect to executions against property, issued by a county clerk, upon judgments rendered by a justice of the peace." (Laws of 1846, p. 467, § 5.)

Advertising for sale, by a sheriff, of all the lands in a town, or described in a patent, when he is authorized to sell only certain lots in such town, or only parcels of the land described in the patent, is not the way lands should be advertised for sale by virtue of executions. (See *Mason* v. *White*, 11 Barb, 173 and 184.)

But I will not pursue this question further, for the reason that I hold the assessment made in 1864, of the rents reserved in the leases in fee, chargeable upon lands in the town of Kortright, was void; because the assessment was to a dead person, and others not named, *or* their heirs *or* assigns; and *each rent* assessed was not specified in the assessment roll. I think it very clear that an assessment, in the alternative, to A, *or* B, *or* C, is not valid as against either; and that I need not discuss the question whether an assessment, in the alternative, to a dead man and others, as a class, without naming them, "or their heirs or assigns," is valid against either.

In *Wheeler* v. *Anthony* (*supra*) the assessment of a farm was to "the widow *and* heirs of Zopher S. Wheeler, deceased." There is a plain difference between such an assessment and one to the widow *or* heirs of a deceased person, *or* their assigns. The former is certain, and the latter uncertain, as to the persons to whom the assessment is made.

If the foregoing views are correct, no defence to the action was established; and the defendant's motion for a new trial should be denied, with costs.

So decided.