MERCHANTS' BANK, APPELLANT, *v.* SUSAN HAYES AND
OTHERS, RESPONDENTS.

*Principal and agent — Written contract — when name of principal must appear in — Form of signature by agent necessary to bind principal.*

A principal is not bound by the contract of an agent, unless the name of the principal is set forth in the contract, or annexed to the signature of the agent, showing that it was the intention of the agent to contract for and in behalf of his principal.

How far this rule applies to the case of an undisclosed principal,* *quære.*

In suing on a written instrument — *e. g.*, a promissory note — the whole liability must be made out on the instrument itself, and a principal cannot be made liable on a written instrument, or by form of a written agreement, where his

* See *Inglehart* v. *Winslow*, post, p. 547. — [REP.

name does not appear in the instrument or agreement making him a party to the contract.*

Where the agent of the widow and heirs of L. H., deceased, annexed to his signature to a promissory note the words, "attorney for the estate of L. H.," *held*, that the principals, viz., the widow and heirs, are not so named as to render them liable upon the note.

APPEAL from an order directing a nonsuit, and ordering exceptions to be heard in the first instance at General Term.

The defendants are the widow and heirs of Lawrence Hayes, deceased, who died seized of a block of stores in the city of Watertown.

The defendants, after the death of Hayes, gave to one John Edwards a power of attorney, dated the 26th September, 1873, to demand and receive their rents and superintend the repairs of their buildings, rent the same, and to do and perform all things in relation thereto.

At some time prior to the 28th April, 1874, said Edwards entered into an agreement with William Wilson to make and put window guards on the defendants' stores, for which he was to pay $491.93. When Edwards was applied to for pay (which application was made before the guards were put upon the building), he said he had not got the money, and thereupon gave to Wilson, a note for said sum, dated 28th April, 1874, to the order of Wilson, payable at the Jefferson County National Bank, two months after date, and signed it as follows: "John Edwards, attorney for the estate of L. Hayes." Wilson procured said note to be discounted by the plaintiff; not being paid at maturity, it was protested, and then this action was brought. Two of the defendants, Susan Hayes and Delia J. Spark, only defended.

On the trial the plaintiff gave evidence tending to prove the agreement for furnishing the guards, the execution of the note, its indorsement and negotiation by Wilson.

Plaintiff put in evidence a power of attorney (other than the one above mentioned), from Susan Hayes and Mrs. Sparks, the defendants in this action, to Edwards, dated the 24th February, 1875, empowering the said Edwards to take charge and have a general superintendence, care and control of the real

* See *Wood* v. *Hallenbeck*, ante, p. 362. — [REP.

estate and personal property belonging to them jointly and severally, in the city of Watertown, with power and authority to repair, rent and receive rents of any of the buildings, and keep all buildings in repair, and generally to transact all business in connection with and pertaining to such care and control, and to borrow money and incur obligations, and to make and negotiate in their names or otherwise for them and in their behalf; to pay debts, and raise money for any matters connected with said business.

When the note was given, Edwards said he was the attorney for the estate of Hayes, and would give a note for the amount, and asked Wilson if it would be good enough, and after Wilson consulted with the cashier of plaintiff, told him it would, and he thereupon took it.

Edwards was called by defendant, and testified that when the note was given the guards were not completed; that the note was given for Wilson's accommodation, and that he told Wilson he had no power to give a note to bind the estate.

At the close of the evidence, the court said: " It will be assumed that he engaged this man, and had authority through his principals to engage this man to do this work; he had no authority to give this note in the form in which it was written, unless it was implied authority; in fact, he did not undertake to bind anybody but himself, and I don't think he bound anybody but himself, by this note."

The plaintiff's counsel asked the court to order a verdict for plaintiff. The court replied he would order a nonsuit. The plaintiff's counsel excepted to the ruling granting a nonsuit, and asked leave to go to the jury upon all the questions in the case. Motion denied and exception taken.

The plaintiff was thereupon nonsuited, and exceptions were ordered to be heard in the first instance at General Term.

*Winslow & Smith*, for the appellant.

*Anson B. Moore*, for the respondents.

MULLIN, P. J.:

The assumption by the court that Edwards had authority to employ Wilson to make the guards rendered it unnecessary for the

plaintiff to submit that question to the jury, as the jury could do no more for the plaintiff by their verdict, than the court assumed without it.

Edwards having authority to enter into the contract, the price agreed to be paid to Wilson for the guards became the debt of the owner of the stores, and Wilson could sue them and recover the amount due him. But the plaintiff had no such remedy; it must recover, if at all, on the note.

When the case of *Green* v. *Skeel* (5 N. Y. S. C. R., 25) was before us, I came to the conclusion, relying upon the head-notes of the case of *Coleman* v. *First National Bank of Elmira* (53 N. Y., 388), that when the maker of a note annexed to his name the word agent, that the principal was liable thereon, although his name does not appear in the note or annexed to the signature of the agent. The head-note to which I refer is in these words: "The rule that parol evidence cannot be given to contradict or vary a written agreement, does not preclude a party who has contracted with an agent from maintaining an action against the principal, upon parol proof that the contract was in fact made for the principal, although the agency was not declared in the contract, and was not known to such party at the time of making it."

The action in that case was brought by Coleman to recover the amount of a certificate of deposit he left as a deposit, as he supposed, in defendant's bank.

When he handed the certificate to the teller the latter asked him if he wanted interest upon it, and he said he did. The teller thereupon filled up and gave to him a certificate acknowledging the receipt of the amount upon interest, signed L. R. Van Campen. Van C. was the president of the bank. Plaintiff could not read, and did not know that it was not the certificate of the bank, nor did he know Van C., nor had he ever seen him. Plaintiff, upon hearing that Van C. had signed the certificate, returned it to the bank and demanded a certificate of the bank or the money deposited; not getting either, he brought the suit against the bank.

Van C. was the agent of the bank. He did not sign the certificate as agent, but in his own name. He was unquestionably personally liable.

The law has been, up to this time, well settled that a principal

was not bound by the contract of his agent, unless, in the contract itself, or annexed to the signature, it was shown that the contract was made for and on behalf of the principal, whose name was disclosed.

If the defendant was to be charged with the certificate of Van C., it was not named in it, and was not for that reason liable upon it.

The difficulty in this case, so far as the question of agency was involved, was, that there was nothing to show that Van C. intended to bind the defendant, and if not, then it was not liable on the certificate.

There are cases in which a principal is liable upon the contract of his agent, although the agent does not disclose the name of his principal at the time of making the contract, but it is afterward discovered. But in this case the plaintiff knew who the principal was with whom he intended to deal, and with whom it was ultimately held he did deal. He knew when he made the deposit all that Van C. could have told as to who the principal was. The case then was not within the principle that makes liable an undisclosed principal.

The learned judge was doubtless right in holding that, upon the facts proven, the bank was liable irrespective of the question of agency.

I understood the learned judge, in considering the question of agency, to lay down an entirely new rule as to the liability of a principal for the acts of his agent, and that rule was, that any person not a party to the original contract might recover against the principal upon showing, by parol, that the agent was in fact agent of such alleged principal, and authorized to enter into the contract for him, although the name of the principal was not disclosed in the contract, or by any thing annexed to the signature of the agent.

If it had been the intention of the court thus to decide, it would have overturned a long series of decisions, and especially the case of *Dewitt* v. *Walton* (9 N. Y., 571), to which I referred in the opinion of *Green* v. *Skeel* (*supra*), as not having been followed.

A more careful examination of the case of *Coleman* v. *First National Bank of Elmira*, satisfies me that the Court of Appeals did not intend in that case to unsettle the law of principal and agent, as I had been lead to believe from reading the head-note.

The case of *Green* v. *Skeel* was rightly decided, nothwith-standing the error as to the principle decided by the Court of Appeals.

We must, therefore, hold the law to be, that a principal is not bound by the contract of an agent, unless the name of the principal is set forth in the contract, or annexed to the signature of the agent, showing that it was the intention of the agent to contract for and in behalf of his principal. If the contract does not show this important fact the principal is not bound, but the agent may be personally responsible on the contract.

The only remaining question is, has the agent so made the contract as to bind his principals, the widow and heirs of Lawrence Hayes, deceased.

He has annexed to his signature the words, " Attorney for the estate of L. Hayes." Is this statement equivalent in law, to declaring that he signs the note as attorney for the several persons who constitute the widow and heirs of said Hayes ?

It is said in 1 American Leading Cases, that in order that a principal may be bound upon a written instrument not under seal, it is necessary that his name should appear in some part of the instrument. The rule is, that in suing on a written instrument, such as a promissory note, the whole liability must be made out on the instrument itself, and that parol evidence is not admissible to alter or add to a written agreement that is made the grounds of the action, and therefore a principal cannot be made liable on a written instrument, or by force of a written agreement, when his name does not appear in the instrument or agreement as a party to the contract. If the names of the widow and heirs must be disclosed on the face of the instrument in order to subject them to liability, it is not done in this case, and the plaintiff was rightly nonsuited. In *Clinton* v. *The Hope Insurance Company* (45 N. Y., 454), the action was upon a policy of insurance issued by the defendant, " *insuring the estate of Daniel Ross* " for one year, on a cotton mill and the machinery therein.

The property had been insured by defendant during the life of Ross, and after his death the widow applied for and obtained the policy in suit, for the benefit of herself and children. Ross died intestate, leaving surviving him a widow and three children.

A contract was entered into between the widow and the guardian of the infants to sell the insured property to the plaintiff, but the conveyance was not made until after the fire.

The objection was taken on the trial, that the widow, as administratrix, did not have, at the issuing of the policy, an insurable interest therein.

The Court of Appeals held that it was not essential to the validity of the policy of insurance that the insured should be named in it, and that the words, the estate of David Ross, used in the policy, were intended to designate the person holding the legal title, and to speak of the property left by a deceased person, including the real property, especially before final settlement of his affairs; and it was also held that the interests both of the administratrix and of the heirs in the insured property were covered by the policy.

It was held in *Cruger* v. *Dougherty* (43 N. Y., 107), that an assessment upon certain leases to J. K., and other legal heirs of the late J. K. deceased, or their heirs or assigns, the J. K. first named being dead at the time of the assessment, was void.

The statute under which the assessment was made, directed it to be made upon the person or persons entitled to receive the rents, in the same manner and to the same extent as any personal estate.

In *Wheeler* v. *Anthony* (10 Wend., 346), it was held, that where a farm is owned and actually possessed by the widow and heirs of a deceased person, the designation of such owners in a tax-list and warrant for the collection of a common school district tax, as the widow and heirs of A. B. deceased, is a sufficient compliance with the directions of the statute, to justify the collector in executing the warrant.

I am unable to understand why the courts should have arrived at such widely different conclusions in the two cases. In both the tax was personal and it would seem that the assessment was either void or valid in both. It seems to me that the principle decided in *Clinton* v. *The Hope Insurance Company*, must be confined to contracts of insurance, and cannot be extended beyond them.

If I am right in so holding then this case is left to be governed by the law of principal and agent, and as the defendants are not named in the contract sued upon they are not liable.

The nonsuit was right and the judgment must be affirmed.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Judgment affirmed.