JOHN HALSEY HAIGHT, RESPONDENT, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK AND OTHERS, APPELLANTS.

*Taxation — the property must be assessed in the name of the owner — when a defect in the name will not invalidate the assessment — 1859, chap. 302, sec. 7; 1867, chap. 410, sec. 5.*

Section 7 of chapter 302 of 1859 requires a detailed statement to be made of all assessable real estate in New York city which shall state, among other things, "the name of the owner or occupant, if known." Section 5 of chapter 410 of 1867 provides that "no tax or assessment shall be void in consequence of the name of the rightful owner, or owners, of any real estate in said city not being inserted in the assessment-rolls or lists."

In this action, brought to restrain the payment of a tax on the ground that it was invalid because the property was assessed to "Est. R. K. Haight:"

*Held,* that the error was cured by the act of 1867.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at a Special Term.

*E. Henry Lacombe*, for the appellants.

*J. Alfred Davenport*, for the respondent.

BRADY, P. J. :

This action was brought to have certain taxes laid upon certain real estate declared void, and the assessment thereof vacated and set aside and stricken from the rolls.

The plaintiff, who is one of the residuary devisees of the land, alleged in the complaint, and it was not controverted, that the executor, having possession of the estate under a claim of right, and to protect the lease which had been granted of the premises from forfeiture, threatened to pay these taxes as executor out of the estate of Richard K. Haight, and would pay the same unless restrained. It was also alleged that such payment would work a *devastavit* of such estate without possession of sufficient means by the executor to make good the same if the assessments were void.

It appears that the comptroller of the city before the commencement of the action advertised the premises for sale, among others, for unpaid taxes of 1878 and 1879, by publication in the usual mode, and that an injunction *pendente lite* was granted. Upon the trial, judgment was rendered in favor of the plaintiff.

The property was assessed "Est. R. K. Haight," meaning, it seems to be conceded, the estate of R. K. Haight, deceased, and it is not questioned that such an assessment was void. (*Trowbridge* v. *Horan*, 78 N. Y., 439.) Chief Justice CHURCH in that case, in which the assessment was to "Blackwell, R. M., Est.," said that the title to real property is always vested in some person or corporation, either absolutely or in trust, and that the statute requires the assessment to be made to the owner and it is irregular and unauthorized to make it to an "estate," and further that no title could be acquired under a sale for taxes by such an assessment. (See, also, upon this subject *Du Bois* v. *Webster*, 7 Hun, 371; *Cruger* v. *Dougherty*, 1 Lans., 464; affirmed 43 N. Y., 107, 118.) If, therefore, there were no. existing statute the provisions of which cured this error, the propriety of the judgment rendered in the court below would be beyond contention. But unfortunately for the plaintiff's case it is supposed that by chapter 410 of the Laws of 1867, section 5, the error mentioned is cured. It is provided by chapter 302 of the Laws of 1859, section 7, it is true, that the assessors in imposing the assessment shall give a detailed statement of the property in their respective wards or districts, together with the name of the owner or occupant, if known. But by section 5 of chapter 410 of the Laws of 1867, *supra*, it is declared that no tax or assessment shall be void in consequence of the name of the rightful owner or owners of any real estate in said city not being inserted in the assessment-roll or lists.

In assessing the property to "Est. R. K. Haight," there was an attempt on the part of the assessors to name the owner, which was a failure for the reason assigned by Chief Justice CHURCH in the case cited; and as the estate mentioned was not the rightful owner of the property, the statute of 1867 must necessarily apply and the assessment be protected and saved. If there had been no person named, that statute would not cure the defect. This seems to be a self-evident proposition, springing from the language of the statute itself. It requires, therefore, nothing more than a statement of it.

It was supposed by the learned justice in the court below who granted the injunction, and whose opinion was adopted by the learned judge who presided at the trial, that the case of *Trowbridge* v. *Horan* (*supra*), was an authority to the effect that the

statute of 1867 contained no saving clause. This was an erroneous view of that case. A similar provision in another statute was cited and commented upon it is true, by Chief Justice CHURCH, but there was no question presented in the case either by the appellant or the respondent arising from that statute. The learned judge said, in reference to it: " The owner's name was not amended in the corrected assessment of 1877. In both assessments there was an omission to specify any owner, and it is questionable at least whether the curative provision in section 2 would reach such a case." But he said, " the action is not based upon this point, nor could an equitable action be maintained upon this ground," for reasons which he expressed.

It will be perceived, therefore, that it was not decided in that case, nor was it intended to be decided, that the curative provision of the act referred to, and which is kindred to that in the act of 1867 already mentioned, was not sufficiently broad and active to overcome the error committed in not naming the rightful owner. Indeed the intimation is that it was, and for the reason that the learned chief justice said only, that it was questionable at least whether the curative provision was sufficient. It is supposed, as already suggested, that the act of 1867 cures the error, because there was a statement of the owner which was not a rightful statement, and not being a rightful statement the assessment was not void under its provisions. On this subject it is very justly suggested by the counsel for the appellant that in a large city like this, it is not practicable to make an accurate statement of the names of the owners of property, and, therefore, the passage of the statute of 1867 *supra*. Indeed in that respect it may be said that the statutes should be liberally construed to accomplish the object designed.

Having arrived at the conclusion that the act of 1867 cures the defect which undoubtedly exists and which would unquestionably be fatal to the assessment were it not for the provisions of that statute, the judgment should be reversed and judgment absolute ordered for the defendants.

DANIELS, J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment reversed; judgment absolute ordered for defendant.