THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY P. PIKE and Another, as Trustees, etc., of HANNAH BENRIMO, Deceased, and Another, Appellants, *v.* EDWARD P. BARKER and Others, as Commissioners of Taxes and Asssessments of the City of New York, Respondents.

86h 283
f59ad236
86h    283
169 NY³ 29

*Tax laws in New York city — substantial compliance therewith sufficient — persons designated as executors and trustees — striking out executors and correcting a name — alphabetical order.*

Tax laws are not to be treated as traps laid to snare assessors, but should be upheld, and the acts of public officers under them sustained, where there has been a substantial compliance with all the requirements designed for the protection of the taxpayer.

There appeared upon the assessment roll of personal assessments under the letter " P " the following: " Pike, Henry, and Emma Benrimo, as executors and trustees of estate of Hannah Benrimo, deceased,  *  *  *  $85,000."

This entry was objected to on the ground, among others, that the assessment should have been entered under the letter " B," and that the name of Pike was Harry P. and not Henry. It was also objected to on the ground that the execu-

tors had wholly administered the estate of the decedent, and were without property in their hands, as executors, which could be made the subject of taxation.

The tax commissioners thereupon corrected their books by striking out the words "executors" and corrected Mr. Pike's name and reduced the assessment, the entry as corrected reading as follows: "Pike, Harry P., and Emma Benrimo, as trustees of estate of Hannah Benrimo, deceased, \* \* \* $75,000."

*Held,* that the designation as "executors" was mere surplusage and was not operative to destroy the legal effect of that portion of the description which correctly indicated the capacity in which the parties were assessed;

That the commissioners had power to strike out such words and also to correct Pike's name;

That the statute does not require the same assessment to be entered more than once upon the assessment roll, and that it was correctly entered in the alphabetical arrangement under the letter "P."

APPEAL by the relators, Harry P. Pike and another, as trustees, etc., of Hannah Benrimo, deceased, and another, from an order of the Supreme Court, granted at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of February, 1895, dismissing a writ of certiorari to review the proceedings of the respondents as commissioners of taxes and assessments of the city of New York and confirming a certain assessment made by them.

*Lucien B. Chase,* for the appellants.

*Francis M. Scott* and *George S. Coleman,* for the respondents.

Order affirmed, with costs on opinion of Special Term.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

The opinion of the Special Term was as follows:

BEEKMAN, J. :

Hannah Benrimo died on the 6th day of January, 1893, leaving a will appointing Harry P. Pike and her daughter, Emma Benrimo (now Emma Chase), executor and executrix of the same and also trustees of a fund bequeathed to them in trust for the benefit of her said daughter during her life. Prior to the making of the assessment complained of the executors had wholly administered upon the estate of the deceased, and had retained to themselves, in their capacity as trustees, all of the property which appertained to the trust estate. As executors purely they were, therefore, without

any property in their hands which could be made the subject of taxation. In making up the assessment rolls for the taxation of personal property for the year 1894, the relators were included therein under the following entry: "Pike, Henry, and Emma Benrimo, as executors and trustees of estate of Hannah Benrimo, deceased, * * * $85,000." The relators received actual notice of the assessment and objected before the respondents to the same, on the ground that the assessment was invalid because it assumed to assess the relators as joint owners of the fund in their several capacities as executors and trustees, and that there was no such joint ownership; that the assessment should also have been entered against the relators in that portion of the assessment roll devoted to names commencing with the letter B, and that the property assessed had been overvalued. A further objection was made that the name of the relator Pike was Harry P. Pike and not Henry Pike, as stated in the assessment list. The tax commissioners thereupon corrected their books by striking out the words "executors and" and correcting Mr. Pike's name, and also reduced the valuation to the sum of $75,000, which, upon the evidence, was quite within the limit of their right to assess. The entry then read as follows: "Pike, Harry P., and Emma Benrimo, as trustees of estate of Hannah Benrimo, deceased, * * * $75,000."

The relators, still claiming to be aggrieved, now apply to this court on certiorari to cancel the whole assessment.

They insist upon the application of a most rigid rule of construction of the statute and the acts of the tax commissioners under it. It is true that the authority to exercise the powers of taxation has been carefully scrutinized and limited to the express warrant of the statute and cannot be extended by implication or construction. (*McLean* v. *Jephson*, 123 N. Y. 142–146.) I am not aware, however, of any authority which requires the court to prefer a construction which will defeat rather than sustain a tax, nor do I believe that any court has asserted or will assert any such unreasonable doctrine. The public has a most vital interest in sustaining the taxing power, for upon it rests the very existence of government, and while the individual right of the taxpayer to have the law substantially complied with in the process through which his proportion of the burden is laid upon him, is undoubted, the pub-

lic is equally entitled to the benefit of a fair and reasonable construction in support of the tax and to have the tax sustained where there has been no substantial departure from statutory requirement. The statute applicable to the case at bar requires that " where a person is assessed as trustee, guardian, executor or administrator he shall be assessed as such with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment." (R. S. [8th ed.] p. 1097.) The object of this provision is that each class of assessments may be dealt with singly in reference to deductions and other considerations peculiar to each, and also be free from the confusion and error likely to result both to the city and taxpayer, if personal and trust funds should be assessed together. It was the right of the relators to have this provision observed, and their right was respected. They insist, however, upon a legal exactness of definition in characterizing the particular representative capacity in which they are assessed, as if the stress of the statute was upon this instead of upon the separation of one class of assessments from the other. No such exactness is required. If the representative character of the relators is indicated with substantial correctness the statute has been complied with, and the fact that the description is inartificial and without legal nicety does not vitiate the assessment. Tax laws are not to be treated as nicely-laid traps to snare unwary assessors, but should be upheld, and the acts of public officers under them sustained where there has been a substantial compliance with all the requirements designed for the protection of the taxpayer. As was said by Peckham, J., in *Overing* v. *Foote* (43 N. Y. 290–297), concerning assessors in making up tax lists : " In construing the acts of these officers we should not sacrifice substance to form, nor lose sight of the spirit and purpose of the laws they are required to execute."

In the case at bar the fund assessed was held by the relators as trustees and was subject to assessment against them in that capacity. They were so described in the assessment roll, and the entry of the assessment was made on a separate line as required by the statute. It is true that they were also designated as executors, but this was mere surplusage, technically inaccurate, in view of the legal ownership of the fund by them as trustees, but certainly not operative to

destroy the legal effect of that portion of the description which correctly indicates the capacity in which they were assessable.   The collocation of these words is not at all infrequent where the same persons are both executors and trustees under a will, and the addition of the word " executors " as employed by the tax commissioners in this case may more fitly be regarded as a redundancy of expression or an inartificial designation in no way misleading or raising any doubt as to the capacity in which the relators were actually assessed.   In order to destroy the assessment and avoid the tax, the relators have taken the position that the assessment is in form against the executors and trustees as joint owners of the fund, when as a matter of fact no such joint ownership exists.   The court will not favor a construction so strained as to require such an extraordinary legal proposition as a joint ownership by executors and trustees of property under the same will to sustain it.   Nor in order to defeat a tax will it grope for a theory upon which to support such a postulate.

No such purpose is imputable to the tax commissioners in this case, and the assessment must, therefore, be upheld as sufficiently made against the relators as trustees under the will.   The commissioners, upon hearing the objections of the relators, struck out the words objected to, and also corrected Mr. Pike's name from Henry Pike to Harry P. Pike.   This seems to have been within their power.   (*People ex rel. Neustadt* v. *Coleman*, 42 Hun, 581.)   In that case the change made was much more substantial, as it eliminated from the assessment the names of two non-resident executors, leaving only the name of the resident executor, who was thus taxed in respect to the whole trust estate, although jointly owned by him with the others.   (See, also, *Van Voorhis* v. *Budd*, 39 Barb. 479.)

The objection is also made to the assessment that it has been entered on one line only against Pike, whereas it should also have been entered on another line against Benrimo.   Section 818 of the New York City Consolidation Act (Chap. 410 of the Laws 1882) provides that " the assessed valuation of all personal property shall be entered by said commissioners in books or rolls *in alphabetical order* of the names of persons and corporations subject to taxation."

It is sufficient to say, in answer to this objection, that the ownership of the fund in question was joint; each relator had an interest

in the whole; they were not owners respectively of undivided halves. The law required them to be assessed together in respect to the fund, and the tax commissioners fully complied with the law when they entered the assessment in alphabetical arrangement under the letter P. The statute does not in terms require the same assessment to be entered more than once, and it would be unreasonably extending it by construction to hold that there must be as many separate entries as there may be trustees whose names are headed by as many different letters of the alphabet. Such a course would be inconvenient in the extreme and likely to raise questions of multiple assessments of the same property. When the assessment has been once properly entered, the act is complete and the statutory requirement has been fully satisfied. If the alphabetical arrangement is required to facilitate the examination of the roll by those who may be affected by the assessment, it is quite as much their duty to search against all the trustees as against one, and this they can do without appreciable inconvenience.

The entry of the assessment against the name of the relator Pike was especially appropriate, in view of the fact that the other trustee was the beneficiary of the trust and subject to limitation on that account in participating in the administration of the same. (*Rogers v. Rogers,* 111 N. Y. 228.)

The relators have been treated with perfect fairness by the respondents. They were personally notified of the assessment, and a full hearing was afforded to them in respect to their objections, and every effort was made, short of canceling the assessment, to meet their complaint.

The amount of the assessment was reduced as soon as the attention of the respondents was called to their overvaluation. The fact that the relators are subject to assessment for taxation in respect to the reduced amount is unquestioned. The objections now insisted upon are highly technical, and are of no value or consequence to the relators except in so far as they may be available to afford an escape from any taxation. I am of the opinion that the points raised by the relators are without merit, and that the respondents have not committed any errors calling for a reversal of their action.

The writ is dismissed, with costs.