## No. 10,926.

### GEORGE MATHER VS. GUSTAVE LEHMAN, SR.

Notwithstanding the Civil Code directs that an attorney or curator must be appointed by the judge to represent absent heirs in the conduct of succession and partition proceedings, the failure of the judge to make such appointment, or the existence of an irregularity in the appointment, does not constitute such an absolute nullity as will work the revocation or annulment of a sale of property made thereunder. *Omnia rite acta.*

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*H. G. Morgan* for Plaintiff and Appellee:

It is the duty of the counsel, appointed by the judge of the place where the succession is opened. to represent the absent heirs, not only in the inventory, but in all the acts required by law to be done. R. C C. 1211.

"The code makes it imperative on curators of absent heirs, when one of the heirs is present, to sue for a partition, and makes the curators competent parties, in a suit for partition, to represent. in every respect, the absent heirs. It cannot, therefore, be said that proper and competent parties were not made in this suit." McCullough et als. vs. Minor, Executor, 2 An. 466; 3 An. 574.

"The words 'curator ad hoc,' 'attorney ad hoc' and 'advocate,' when used with respect to an absent defendant, indicates the person named and appointed by the court to defend him in the suit in which the appointment is made." 33 An., p. 209.

"These terms are synonymous, and all so used in the Code of Practice." 6 La. Rep. 473.

"He who acquires an immovable in good faith and by a just title prescribes for it in ten years." R. C. C. 3478.

"Good faith purifies the title of its defects, and causes the possessor under a just title to be preferred to the true proprietor, who has remained so long neglectful of his rights."

"There is no defect stamped on the face of the deed, and that is what the court says was meant by valid in form in a deed which would enable a holder under it to prescribe." Pattison vs. Maloney, 38 An. 889; 27 An. 597.

*Buck, Dinkelspiel & Hart* for Defendants and Appellants:

A curator for absent heirs must be appointed in the same manner as an administrator—by petition, order, advertisement, oath and bond. Rev. Civil Code, Arts. 1113, *et seq.*

A surviving wife is not entitled to be recognized and sent into possession as heir of her deceased husband without a strict compliance with the formalities prescribed by law. Civil Code, Art. 915, *et seq.*

The opinion of the court was delivered by

WATKINS, J. Plaintiff institutes this suit to compel the defendant's compliance with the terms of his contract to buy of him a cer-

tain piece of improved real estate, situated in the sixth municipal district of the city of New Orleans, in the square bounded by Antoine, Foucher and Prytania streets and St. Charles avenue, having a frontage on the latter of 175 feet, for the consideration of $13,000.

The defendant admits the contract, but denies the validity of the title tendered him, averring that on the 30th of November, 1868, one James O'Dowd purchased the property from Raymond Pochelu, and subsequently died. That his succession was administered, and therein certain alleged partition proceedings were had, by which the surviving widow of the deceased appeared to have acquired same, but which defendant avers to have been null and void for want of proper parties thereto. And he further avers that the subsequent proceedings had in said succession could not have the effect of validating the title of Widow O'Dowd, she having,. in the meantime, conveyed title to another, and the same not having been conducted according to law.

From the record it appears that in the partition proceedings designated, the property was allotted to Mrs. O'Dowd; that, on the 29th of October, 1877, she sold it to Mrs. Eva Jonas Lyons; and that she conveyed it to the present plaintiff.

From the record it appears that James O'Dowd left at his demise the property in controversy, and certain other parcels of real estate thereto adjoining, all of which belonged to the community theretofore existing between himself and his surviving widow, Mrs. E. H. O'Dowd, one undivided one-half interest in the whole of which vested in her, and the remaining one-half interest in the legal heirs of the deceased.

Mrs. O'Dowd presented a petition to the then Second District Court for the parish of Orleans, in which the succession of her deceased husband was being administered, praying for a partition of the common property, she being unwilling longer to continue in joint ownership with the heirs of her late husband.

On her petition an attorney was appointed to represent the absent heirs, who accepted the appointment and acted accordingly.

The matter was by the judge of that court referred to a notary for further proceedings according to law; and upon the report of experts duly appointed that the several properties were susceptible of division in kind, the partition was made—the widow O Dowd having allotted to her the property in controversy as the fair equivalent of

Mather vs. Lehman.

that which was allotted to the heirs of the deceased. All the foregoing proceedings were conducted contradictorily with the said attorney for absent heirs.

The notary prepared a *proces verbal* of the partition, which was duly filed and homologated on the 26th of October, 1877, and thereunder Mrs. O'Dowd went into possession as owner.

On this state of the case the sole question raised is of the capacity of the attorney for absent heirs to personate them in the partition proceedings.

The code directs that upon the opening of a vacant succession or of one of which the heirs or a part of them are absent from and not represented in the State, it is the duty of the judge ordering an inventory of the succession effects to be made to " appoint a *counsel* to the absent heirs," etc. R. C. C. 1210.

It also provides that, when an order for the sale of succession property is applied for "the petition of the curator must be notified to the *counsel* for the absent heirs," etc. R. C. C. 1166.

It further declares that in case of the absence of co-heirs " the *curators* who have been appointed for them    *    *    *    can sue or be sued for a *partition*, as representing *in every respect* the absent heirs." R. C. C. 1315. (Our italics.)

These articles relate, evidently, to an appointment of counsel or curators, under varying circumstances, either in successions or in partition suits outside of successions.

In this case we have under consideration the appointment of an attorney for absent heirs made in a partition of succession property, and we can not perceive any reason why it should not be accepted and regarded as efficacious, in view of the foregoing provisions of the code.

Some verbal criticism has been made of the style or title given to the person thus appointed, but it is not discoverable what the distinction consists in; for, practically, there is none. *Vide* Hooke vs. Hooke, 6 La. 473; Bunorini vs. Factors and Traders Insurance Co., 33 An. 209.

Even if there were any doubt of the regularity of the appointment of the attorney for absent heirs, it could not avail the defendant after the lapse of so great a length of time; because it was held in Gibson vs. Foster, 2 An. 503, that the record of the sale disclosing no order of appointment of such an attorney, that the presumption *omnia rite acta* was strictly applicable.

It was also held in the succession of Wadsworth, 2 An. 966, that "an order for the sale of the property of a succession, made at the suit of the administratrix, without citing the attorney of absent heirs, is not a nullity   *   *   *   The omission to cite the attorney for absent heirs was an informality anterior to judgment, which could not be enquired into collaterally," etc.

In Herriman vs. Janney, 31 An. 276, it was held that the failure to appoint an attorney for absent heirs, with whom to conduct contradictorily an application for the administration of a succession, will not affect the validity of the appointment of the administrator.

As against the theory of plaintiff's title, predicated upon the foregoing statement of facts, defendant's further contention is that Mrs. O'Dowd petitioned the court to be recognized and put in possession of the property of the succession of her deceased husband as heir, but it is quite evident that these proceedings are not germane to the question of title under examination, as they exclusively relate to that portion of the community property which was set off to the absent heirs, in the aforesaid partition proceedings.

The tendency of such proof is rather to confirm than disaffirm the plaintiff's title by partition.

Counsel for plaintiff has collated many decisions of this court on the question of prescription *acquirenda causa*, but as, in our opinion, the questions at issue are clearly determinable upon other grounds, we find no occasion to give them an examination.

Judgment affirmed.