WILLIAMS v. WILLIAM J. ATHENS LUMBER Co., Limited, et al.

(Circuit Court, E. D. Louisiana. June 8, 1894.)

TAX SALE—PRIMA FACIE TITLE.

A purchaser at a tax sale, in good faith, who has a title from the competent and proper officer, valid in form, and without patent defect, and who has been in possession for 10 years, may, under the constitutional provisions of the state of Louisiana (article 210), defeat the claim of the original

owner, although the tax deed was insufficient, by reason of informalities attendant upon the advertisement and sale of the property in question. Giddens v. Mobley, 37 La. Ann. 417, followed.

This was an action by Thomas S. Williams against William J. Athens Lumber Company, Limited, in liquidation, and others, for the recovery of certain real property.

Kernan & Wall, for plaintiff.

Fenner, Henderson & Fenner, for defendant W. J. Athens Lumber Company, Limited.

Morris Marks, for Jacob Prince, called in warranty.

PARDEE, Circuit Judge. This is a petitory action to recover from the defendants about 800 acres of land (described in the petition) in the parish of Livingston, state of Louisiana, the plaintiff relying upon patents direct from the state to himself, issued in 1868. The defendants rely upon a tax collector's deed of sale made on the 1st day of April, 1876, and confirmed by the state auditor on the 29th day of December, 1876, under the provisions of Act No. 47, approved March 14, 1873. The defendants also pleaded the prescription of three and five years, an estoppel in pais, and the prescription of ten years. Trial by jury was waived, and the cause submitted to the court. As in so many other cases, the informalities attendant upon the advertisement and sale of the property in question for taxes were so many and so grave that, as a title to the lands in question, the deed of the tax collector, although confirmed by the auditor of the state, and duly recorded in the proper office in the parish where the land was situated, is insufficient to show title in the grantee. It is not necessary to point out these informalities, which probably go to the extent claimed by the plaintiff, and render the said tax deed absolutely null. The exception of the prescription of three and five years is based upon the following statutes: Section 5 of Act 105 of 1874, declaring that "any action to invalidate the titles to any property purchased at tax sale under and by virtue of any law of this state shall be prescribed by the lapse of three years from the date of such sale;" and article 3543 of the Revised Civil Code of the state, providing that "all informalities connected with or growing out of any public sale made by any person authorized to sell at public auction shall be prescribed against by those claiming under such sale after the lapse of five years from the time of making it, whether against minors, married women or interdict persons." In Barrow v. Wilson, 39 La. Ann. 403, 2 South. 809, the previously adjudged cases bearing on the prescription claimed were reviewed, and the court held that section 5 of Act 105 of 1874 was a statute of prescription, and that, under facts similar to the facts in this case, such prescription barred the plaintiff's action for the land covered by the tax title. This decision, however, has been somewhat reconsidered and modified in the case of Breaux v. Negrotto, 43 La. Ann. 426–441, 9 South. 502, where it was held that the opinion in Barrow v. Wilson was erroneous to the extent of holding that in respect to failure of notice the prescription of three years was

tenable. In the present case it is claimed that there was no notice given by the tax collector to Williams, the delinquent debtor, and that, therefore, the statute of three years, referred to, does not apply. The statute of 1873, under which the sale was made, provides that in all cases of vacant property, or when the owners are unknown or absent, and have left no known agent, the taxes upon which property shall not have been paid, the parish or district judge shall, on the application of the tax collector, appoint a curator ad hoc, upon whom notice shall be served. In the tax deed given by the tax collector no mention is made of the appointment of a curator ad hoc, except that in the costs and charges recited in the deed a fee is charged and collected for such curator. No. evidence has been offered tending to show that Williams, the owner, was unknown, or an absentee, in the sense of the law, or, if absent, that he left no known agent; nor is there any evidence for or against the proposition that Williams was duly notified; although there is evidence, incidentally, showing that at the time of the sale Williams was actually absent from the parish. Evidence also is offered tending to show that in none of the records of the parish of Livingston is there anything to show that a curator ad hoc was appointed to represent Williams in the matter of delinquent taxes. Under these circumstances, the defendants contend that, as to the appointment of a curator ad hoc, the evidence that no judicial record can be found of the appointment is not sufficient to establish that no appointment, if one was necessary, was made; and that, as the tax deed shows on its face a charge for the fee of the curator ad hoc, and considering the lapse of time, the maxim "omnia rite acta" will prevail. Citing Gibson v. Foster, 2 La. Ann. 509; Mather v. Lehman, 44 La. Ann. 619, 10 South. 939.

With regard to the estoppel in pais, the proved facts are that, after the purchase by Jacob Prince at the tax sale, and the delivery and recordation of the tax title, and in the year 1879, he tendered back to said Williams the lands in question, upon Williams' refunding to him the amount paid for said lands, saying that he did not wish to hold the same if Williams desired them, which offer was refused by Williams, who said that he did not want and would not have the lands, and would not claim them; and thereafter the said Jacob Prince paid all the taxes upon the said lands, and made improvements upon the same. It does not appear that Prince made and tendered any deed of release, or made any other than a verbal offer to restore the lands to Williams on payment of the amounts which Prince had paid for the lands and had disbursed for the payment of taxes. The contention with regard to this estoppel is that, as Williams declared his intention of not attempting to recover the lands, and by his conversation led Prince to believe that his title would not be contested, so that thereafter he expended money and time in improving the same, it would be unjust to permit Williams, particularly after the lapse of so many years, and when the land has actually increased in value, and large and valuable improvements have been made on the same, to come in and claim the property because of defects in the tax title. The text-books sup-

port this contention. Bigelow, Estop. 566; Herm. Estop. 1054. There is not much doubt that in a court of equity the estoppel claimed in this case would be given full effect, and the only question here is whether it is equally available in a court of law.

The exception of prescription of 10 years is based on the following facts, established by the evidence, to wit: The tax deed and the confirmation thereof by the auditor of the state were duly recorded, one in 1873 and the other in 1874, in the proper records of Livingston parish, from which time the defendant Jacob Prince and his grantees have paid all taxes assessed against the property. In 1879 the defendant Prince entered into actual possession of the lands in question, made improvements thereon, and from that time to the institution of the present suit he and his grantees have been in as full, complete, and active possession as the character of the lands—which were timber and uncultivated lands—required. The constitution of 1868 (section 118) declares that all deeds of sale made by collectors of taxes shall be received by courts in evidence as prima facie valid sales, and the constitution of 1879 (article 210) declares the same. The defendant Jacob Prince and his grantees have held constructive possession under the tax collector's deed, prima facie valid, and paid taxes on same, for nearly 20 years, and actual corporeal possession as owner for nearly 15 years. In the case of Giddens v. Mobley, 37 La. Ann. 417, as stated in the syllabus, it is decided as follows:

"The good faith necessary to enable a claimant under a tax title to plead prescription is simply that he shall not have acquired the property mala fide. Where the tax deed is valid in form, and there is no defect stamped on its face, and the sale has been made by the proper officer, the purchaser is a possessor in good faith. A possessor and owner cannot be deprived of his right to plead prescription because he might by inquiry and careful examination have discovered that his vendor had no title. The constitutional direction that all deeds from tax collectors for land sold by them for taxes shall be received as prima facie valid has placed tax titles on the same footing as other titles under judicial sales, and subjected them to the same rules as sheriffs' deeds. Before that constitutional change was made, an assessment could not be presumed, but must be proved. By virtue of that change it is presumed without proof, and prima facie the tax deed is valid. If that deed is valid in form, and the defect is want of authority, or right in the officer to make it, and not in the manner of making it, the knowledge that the officer had no right to make the sale is not brought home to the purchaser. No symbolic ceremony, such as livery of seisin at common law, is necessary to constitute a taking possession of land. The authentic act of sale of land described by location, extent, etc., is a taking possession of it, and a notice to the world that he who thus claims it claims as owner. Especially is this true of land in a state of nature. with forest unreclaimed. The purchaser at a tax sale in good faith, who has a title from the competent and proper officer, valid in form, with no defect stamped upon it, and patent, and who has possessed by himself, or by himself and his authors, ten years, has acquired an indefeasible title, and may successfully defeat the claim of the original owners thereto."

These principles cover and provide for this case as though expressly declared for it. Judgment will be entered for the defendant the W. J. Athens Lumber Company, Limited, maintaining the exception of prescription of 10 years. rejecting the demand of the plaintiff, with costs, and recognizing the title and ownership of the W. J. Athens Lumber Company, Limited, to the lands in question.