(42 South. 657.)

No. 16,026.

BARTLEY v. SALLIER et al.

(Nov. 26, 1906. Rehearing Denied Jan. 7, 1907.)

TAXATION—TAX TITLE — PRESCRIPTION — VALIDITY OF SALE—IMPROVEMENTS.

Plaintiff complains of the judgment against him as incorrect and illegal. That brings up the issues of the case.

The defendants are owners in possession since a date preceding the origin of plaintiff's asserted claim.

Plaintiff claims as tax owner. He has never had possession sufficient to sustain his title and to bring it within the prescriptive period of article 233 of the Constitution.

(a) The property was not owned by the person in whose name it was sold for taxes.

(b) There was no notice given as required to render a tax sale valid.

Improvements. Plaintiff is entitled to his improvements placed on the property in good faith.

There is deficiency of proof of ownership and value.

[Ed. Note.—For cases in point. see Cent. Dig. vol. 45, Taxation, §§ 1274, 1588–1597, 1334, 1648, 1649.]

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge ad hoc.

Action by Thomas Bartley against Valery Sallier and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Gabriel Antoine Fournet and Thomas Thompson Taylor, for appellant. Albert Voorhies, for appellees.

BREAUX, C. J. Plaintiff and defendants are engaged in a contention at law about the title to lot 17, situated within the limits of the city of Lake Charles.

This is not their first suit about this property.

In the year 1903 the defendants instituted suit against the plaintiff for the possession of this property. It was they, Sallier et al., plaintiffs, v. Bartley, defendant.

The question of title was not inquired into in that case, as the only issue considered was whether the defendants here, plaintiffs in the first suit, were entitled to possession.

The possessory action was decided in favor of the defendants, Sallier et al. The judge a quo in his judgment recognized defendants' rights and ordered that they be placed in possession.

Defendant Bartley's (in the first suit) reconventional demand for damages and for the value of the improvement was rejected as in case of nonsuit. Sallier v. Bartley, 113 La. 403, 37 South. 6.

In the present case defendant in his pleadings again claims the improvements and sets up title to the property.

When the case was called in the district court for trial, an agreement was entered of record between counsel, in accordance with which Bartley was to pay cost, and no writ of possession was to issue for a time, at least, provided he brought his petitory action without delay.

The agreement sets forth that the writ of possession was to apply only to the house and improvements erected by Bartley.

The writ was returned, and it is stated in the agreement that a petitory action was filed a few days after its date.

Bartley, in his petition in the petitory action, alleged that he had erected and placed improvements on the place in good faith, worth $3,000, and that he is the owner of the land, and that, if he is not the owner of the land, he is at least entitled to his improvements.

He also obtained a writ of injunction.

It looks as if at first, as shown by the agreement before referred to, the parties defendant here were willing to let the status quo remain in order that it might be determined in whom was the title. There was a change of this intention, however, in this respect, and defendants ordered an alias writ of possession to issue, and they were proceeding to execute it when the writ of injunction was obtained by plaintiff.

By consent the petition for the writ of injunction and the petition in the petitory action were cumulated, and the two cases, the petitory action and the injunction taken to prevent the execution of the alias writ of possession, were tried together.

Despite the agreement, the defendants interposed an exception, on the ground that plaintiff must first comply with the judgment of the court in the cited case (the possessory action finally decided), and surrender the property before attempting to institute a petitory action, or to restrain them from taking possession.

There can be no doubt but that the question, as an original proposition, was correct, and it devolved upon Bartley, the plaintiff here, to surrender possession. But the agreement between the parties gave rise to further proceedings.

The exception before mentioned was overruled.

Defendants then filed their answer and claimed as owners under purchase from the succession of Severine Sallier at public auction. They pleaded the prescription of 10 years as a bar to plaintiff's right.

We should mention that plaintiff here, Bartley, pleaded three years' prescription in support of the tax title under which he alleged he was the owner of lot 17, and which tax title he made the ground of his petitory action and ground to sustain his injunction.

The tax title pleaded by him was dated in 1886. The property was sold in that year in the name of Marie L. Sallier, and was adjudicated to Joseph Gibbs, and by conveyance it became the property of plaintiff over 10 years ago.

The case went to trial. Testimony was heard, and the court a qua decided that the buildings and improvements on the property in dispute were worth $1,900, but that it had not been proven satisfactorily that the improvements had been erected by plaintiff. There was, in consequence, judgment against the plaintiff, as relates to the improvements, as in case of nonsuit, and in all other respects plaintiff's demand was rejected.

It is from that judgment that plaintiff prosecutes this appeal.

At the outset of the discussion, we state that the judgment rendered in this case is, in our opinion, legal and correct, especially as relates to the title to the land. As to the value of the improvements claimed by plaintiff, that will be considered later.

With reference to the title to the land, it appears that plaintiff is a tax-title owner, without ever having been in possession of the property since the adjudication to him. Having never had possession of the property, plaintiff's tax claim does not fall within the terms of article 233 of the Constitution.

We will give a few excerpts from decisions in support of our proposition. We are not willing to add to or take from the decisions heretofore rendered on the subject. We copy the rule verbatim et literatim:

"After the lapse of the three years from the adoption of the Constitution, the party in possession under his tax title, duly recorded, cannot be disturbed, except for the two causes mentioned in article 233—that of dual assessment, and that of antecedent payment of taxes. Certainly the claimant owner, out of possession, as here, cannot be heard to urge other causes for setting aside the adverse tax title or preventing its confirmation." Canter v. Heirs of William's Heirs, 107 La. 78, 31 South. 627.

This rule was reaffirmed in Carey v. Cagney, 109 La. 82, 33 South. 89:

"But here we have the case of a tax purchaser who has never had either the actual or constructive possession of the property and a case where the record owner is now, and has been always, in the corporeal possession of the property."

The court in that case approvingly quotes from Judge Cooley in his work on Taxation (see second edition, page 557):

"Where the record owner, as here, was in actual possession at the time of the tax sale, and so remains in possession, the initiative is not upon him. He stands on his possession against the world. It is a badge of ownership; and no prescription can be held applicable that would operate to deprive him of the right to defend that possession, and the title upon which it is predicated."

Such we apprehend is the true meaning and intent of the "second clause of article 233 of the Constitution."

No dissenting opinion was handed down in these cases.

This was the law before the Constitution of 1898.

Act No. 105, p. 155, of 1874, § 5, provided:

"Any action to invalidate the titles to any property purchased at tax sale, under or by virtue of any law of this state, shall be prescribed by a lapse of three years from the date of such sale."

There is nothing new in the Constitution of 1898 upon that subject. The Court held (we quote from the syllabus):

"The prescription of three years under Act No. 105, p. 154, of 1874, does not apply to cases in which there appear radical defects of title such as indicated above. To support the plea of prescription of three years under the statute of 1874, the tax purchaser must show actual possession of the property for three years prior to the suit to annul. Barrow v. Wilson, 39 La. Ann. 409, 2 South. 809; Breaux v. Negrotto, 43 La. Ann. 426, 9 South. 502; Russell v. Lang, 50 La. Ann. 38, 23 South. 113; Hansen v. Civil Sheriff, 52 La. Ann. 1568, 28 South. 167. Here, again, titles less defective than the one here were decreed null."

The defects are equally as great in the title here, and will be seen in a moment.

Similar view was expressed in one of the federal courts. Land Trust of Indianapolis et al. v. Hoffman, 57 Fed. 333, 6 C. C. A. 358.

118 LA.—4

The decisions interpreting the article of the Constitution and those just cited are substantially the same as the prior decisions interpreting prior laws in pari materia. On reading the different decisions (that is, particularly, the decisions rendered prior to the Constitution of 1898) and the statutes on this subject that they interpret, we are reminded that there is much truth in the saying of the wise that there is nothing new under the sun.

Now as to the invalidity of the tax title claimed.

The property was assessed in the name of Mary L. Sallier, and described as belonging to the succession of Severine Sallier.

It has previously been adjudicated to Mary L. Sallier, tutrix of her minor children (at the succession sale of the property of Severine Sallier).

She was not the tutrix, as her husband was living. It does not appear that she was authorized by him or by the court to buy; besides, she did not pay for the property. It was not her property. The husband was head and master of the community, and as to the notice the deed merely shows that notice was mailed to the taxpayer. Where is not mentioned, nor when, it appears, so far as the record discloses, the owner resided in Calcasieu, where the land was situated. Without dwelling further upon that subject, we will state that the owner was not notified.

Notice under the Constitution of 1879 (article 210) was of the utmost importance. Without it one of the essentials of a tax sale was missing.

Plaintiff's demand for the improvements is the next matter at issue.

We are decidedly of the opinion that plaintiff is entitled to the improvements placed by him on the property, or their value. He was in good faith. In buying he had the advice of counsel assuring him of the validity of his title. He had—though not in possession—exercised some of the rights of an owner without objection of the owner.

He had color of title. So much for his good faith, the facts regarding which we will not detail further.

The only question remaining is one of proof.

Only one witness was heard as to the value of the improvements. He is the uncle of the plaintiff. With some persistence, while testifying for plaintiff as to their value, he claimed them as his own.

For the sake of reasonable certainty, we think it best to approve the judgment nonsuiting the plaintiff. There only remains the one question of improvements—their value. This can be easily adjudged hereafter.

Under the circumstances of this case, a judgment having become final directing plaintiff to vacate without any right to stay the proceedings in order to settle the question of value of improvements, the plaintiff will have to act accordingly.

The decisions cited do not sustain the right claimed to remain in possession until he is paid. Being the owner of the improvements, his right cannot be prejudiced by his complying with the judgment.

For reasons assigned, we affirm the judgment.